# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 13-50089

_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2014

Lyle W. Cayce
Clerk

In the Matter of:  ERIC BENJAMIN ERICKSON,

Debtor

-----------------------------

ERIC ERICKSON,

Appellant

v.

WELLS FARGO, N.A., as Trustee for Structured Assets Securities Corporation Amortizing Residential Collateral Mortgage Pass- Through Certificates, Series 2002- BC8,

Appellee

--------------------------------------------------------------------------

Consolidated With 13-50143

In the Matter of:  ERIC BENJAMIN ERICKSON,

Debtor

----------------------------

WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for Structured Assets Securities Corporation Amortizing Residential Collateral Trust, Mortgage Pass-Through Certificates, Series 2002-BC8,

Appellant

v.

ERIC ERICKSON,

Appellee

No. 13-50089

―――――――――

Appeals from the United States District Court
for the Western District of Texas
No. 1:11-CV-722

―――――――――

Before JONES, WIENER and GRAVES, Circuit Judges.

EDITH H. JONES, Circuit Judge:*

Wells Fargo Bank ("Wells Fargo" or "the bank") has been attempting to foreclose on this fraudulently procured home equity loan for nearly a decade. When the bank finally obtained a judgment from the bankruptcy court purporting to "lift the automatic stay" concerning debtor Eric Erickson's homestead, Erickson did not file a timely notice of appeal. His attorney, however, obtained an extension of time to appeal to the district court based on excusable neglect. Fed. R. Bankr. P. 9006(b)(1). Wells Fargo did not persuade the district court to dismiss the appeal, but the court ruled in the bank's favor, authorizing judicial foreclosure of the lien while remanding Wells Fargo's claim for attorneys' fees back to the district court.[1] Erickson has appealed on the merits, while Wells Fargo seeks closure by defending the judgment even as it challenges the jurisdiction of the bankruptcy court to extend time for an appeal and the timeliness of the appeal from the district court to this court. Finding no error or lack of jurisdiction under the peculiar procedural occurrences here, we AFFIRM.

―――――――――

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The partial remand does not interfere with the finality of the district court's judgment for our purposes. *In re Pratt*, 524 F.3d 580, 585 (5th Cir. 2008).

No. 13-50089

## 1. Extension of Time to Appeal from the Bankruptcy Court Judgment

When appealing the judgment of a bankruptcy court, notice of appeal must be filed within fourteen days of the judgment being entered. Fed. R. Bankr. P. 8002(a). A bankruptcy court may permit notice of appeal to be filed after the fourteen days have passed if the appellant's failure to file on time "was the result of excusable neglect," Fed. R. Bankr. P. 9006(b)(1), unless the judgment being appealed grants relief from an automatic stay, in which case the bankruptcy court may not extend the time for filing. Fed. R. Bankr. P. 8002(c)(1)(A). Relying on the "relief from an automatic stay" exception to Rule 9006, Wells Fargo contends that the bankruptcy court abused its discretion in allowing Erickson to file his notice of appeal two months after the bankruptcy court issued its judgment because the judgment declared, *inter alia*, that the automatic stay triggered by Erickson's filing for bankruptcy was lifted. Although we agree with the district court's conclusion that the bankruptcy court did not abuse its discretion in extending the time for Erickson to file his notice of appeal, we do so for reasons other than those relied upon by the district court.

Shortly after filing for Chapter 7 bankruptcy, Erickson submitted a schedule of exempt property, claiming property located in Westlake Hills in Austin, Texas, to be exempt under the Texas homestead exemption laws. Erickson had used the Westlake Hills property to secure a $931,000.00 home equity loan for which Wells Fargo held the note. Wells Fargo did not object to the property's inclusion in the schedule. Consequently, the bankruptcy court lost jurisdiction over the Westlake Hills property early in the bankruptcy case, and from that point forward no automatic stay hindered Wells Fargo's pursuit of foreclosure. Because the bankruptcy court's final judgment was ineffective in "lifting" the stay, Rule 8002(c)(1)(A) does not apply. Given the

No. 13-50089

circumstances as they actually existed, the bankruptcy court did not abuse its discretion in allowing a short extension of time for Erickson to file a notice of appeal.[2]

### 2. Timeliness of Appeal from the District Court

Ever keen to exploit technical errors, Erickson delayed filing his appeal to this court until 127 days after the district court ruled adversely to him on September 24, 2012. Unfortunately for Wells Fargo, this filing was timely pursuant to Federal Rule of Civil Procedure 58, Federal Rule of Appellate Procedure 4(a)(7), and even Federal Rule of Bankruptcy Procedure 7058 because the district court did not enter judgment on a separate document. In such circumstances, these rules authorize filing a notice of appeal up to 150 days after the final "order" entered without a separate document. The appeal is timely.

### 3. Merits

Erickson raises only two issues to this court that have been properly preserved in the courts below.[3] The Texas Constitution requires a home-equity loan to be secured "by a lien that may be foreclosed upon only by a court order." Tex. Const. art. XVI, § 50(a)(6)(D). Erickson argues that the deed of trust securing the home equity loan at issue in this case prohibits the Trustee from pursuing judicial foreclosure, hence the loan is constitutionally invalid. However, as the district court found, the plain language of the deed states only

---

[2] If the bankruptcy court thought it had discretion to grant this relief under 11 U.S.C. § 105 in the face of an effective order lifting the automatic stay, and thus to abridge Federal Rules of Bankruptcy Procedure 8002 and 9006 expressly to the contrary, it was wrong. *See In the Matter of Smith*, 21 F.3d 660, 666 (5th Cir. 1994).

[3] Erickson's contention that the deed of trust securing his home equity loan imposed personal liability on him contrary to the Texas Constitution is not preserved here because the bankruptcy court found it untimely raised and did not rule on the issue. *In re McCombs*, 659 F.3d 503, 510 (5th Cir. 2011).

No. 13-50089

that the Trustee or a substitute trustee cannot act on behalf of the borrower in a judicial proceeding, not that a Trustee cannot enter into a judicial proceeding on its own behalf, such as filing suit to initiate a judicial foreclosure.  Thus the disputed provision of the home equity loan does not violate Section 50(a)(6)(D) of Texas's constitution.

Erickson further argues that a lender's right to judicially foreclose on a lien depends on a contractual provision in a deed of trust providing as much. Because the deed of trust at issue here does not include such a provision, Erickson insists that the district court erred by permitting Wells Fargo to initiate judicial foreclosure.  Both this court and the Texas Courts of Appeals have held that judicial foreclosure and the ability of a trustee to foreclose under the power of sale in a deed of trust are separate and distinct remedies, either of which the trustee may elect to pursue.  *See, e.g., Thurman v. Fed. Deposit Ins. Corp.*, 889 F.2d 1441, 1445 (5th Cir. 1989); *Kaspar v. Keller*, 466 S.W.2d 326, 328 (Tex. Civ. App.—Waco 1971); *Am. Nat. Ins. Co. v. Schenck*, 85 S.W.2d 833, 839 (Tex. Civ. App.—Amarillo 1935).  The district court did not err when it held that Wells Fargo had a right to pursue judicial foreclosure as a remedy independent of its contractual right to pursue non-judicial foreclosure under the power of sale in the deed of trust.

The judgment of the district court is **AFFIRMED**.

5

No. 13-50089

GRAVES, Circuit Judge, concurring in the judgment only:

I agree to affirm the judgment of the district court because I agree that Erickson's home loan was valid under the Texas Constitution and that Wells Fargo may pursue a judicial foreclosure on the property securing the loan. As the majority opinion explains, the plain language of Erickson's deed of trust does not prohibit the Trustee from filing suit to initiate a judicial foreclosure. Therefore, the terms of the loan do not violate the Texas constitutional requirement that a home-equity loan be "secured by a lien that may be foreclosed upon only by a court order." TEX. CONST. art. XVI, § 50(a)(6)(D). Erickson's argument that Wells Fargo may not pursue a judicial foreclosure absent a contractual provision allowing Wells Fargo to do so is also unavailing. While the right to pursue foreclosure under the power of sale in a deed of trust is most certainly a right that arises from the parties' contract, judicial foreclosure is a remedy independent of that contract. As such, the district court did not err when it held that Wells Fargo had a right to seek the remedy of judicial foreclosure when Erickson defaulted on the August 9, 2002 loan.

I also agree that the Bankruptcy Court properly granted Erickson an extension of time to appeal the bankruptcy court's judgment but for reasons different from those set out in the majority opinion. As the district court explained, the automatic stay that was triggered when Erickson filed for Chapter 7 bankruptcy was lifted when he was discharged from bankruptcy on February 9, 2010. Therefore, the bankruptcy court's April 28, 2011 order in the related adversary proceeding between Erickson and Wells Fargo could not have lifted an automatic stay from Erickson's Chapter 7 case, since the automatic stay ended when that case was closed.

For these reasons, I affirm.