# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41030

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2014

Lyle W. Cayce
Clerk

In the Matter of: LARRY GENE MCCLENDON,

Debtor

---

LARRY GENE MCCLENDON,

Appellant

v.

BOBBY J. SPRINGFIELD,

Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before HIGGINBOTHAM, CLEMENT, and HIGGINSON, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

A state court entered judgment upon a jury verdict awarding Bobby Springfield $341,000 in damages for defamation against Larry Gene McClendon. McClendon subsequently filed for Chapter 11 bankruptcy. Springfield filed a proceeding seeking to have the debt arising from the defamation judgment declared nondischargeable pursuant to 11 U.S.C. § 526(a)(6). The bankruptcy court found the defamation to have been a willful and malicious injury and declared it nondischargeable, and the district court

No. 13-41030

affirmed.  McClendon appeals, arguing insufficiency of the evidence and that the bankruptcy court impermissibly shifted the burden of proof to him.  We affirm.

I.

McClendon was the president and sole shareholder of NIA Insurance Agency, Inc. ("NIA"), for which Springfield served as Chief Financial Officer from 2003 through December 2007.  In December 2007, McClendon accused Springfield of theft and fired him.  The following month, NIA and McClendon sued Springfield in Texas state court, claiming theft and conversion. Springfield answered and counterclaimed, alleging defamation.  The suit proceeded to trial, and the state court jury determined that Springfield was entitled to $341,000 in actual damages for defamation.

Following trial, on May 11, 2011, McClendon filed a voluntary petition for Chapter 11 bankruptcy.  With leave of the bankruptcy court, the state court entered judgment in favor of Springfield on his defamation claims in the amount of $341,000, making Springfield a creditor in McClendon's bankruptcy. Springfield then filed the underlying adversary proceeding on August 16, 2011, seeking to have the debt arising from the jury award declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6).  McClendon confirmed a Chapter 11 plan of reorganization on January 30, 2012.

The bankruptcy court entered judgment that the debt owed by McClendon to Springfield pursuant to the jury award was nondischargeable. It determined that McClendon intentionally made the false statements regarding Springfield in a manner and under circumstances, including among other things the pernicious nature of a false statement accusing another of a crime, that were substantially certain to cause injury to Springfield; that in so doing McClendon inflicted a willful and malicious injury upon Springfield; that McClendon's testimony that his publication of the false statements about

2

No. 13-41030

Springfield could not have caused injury to Springfield and that he had no intention to harm Springfield was not credible; and that Springfield met his burden of demonstrating by a preponderance of the evidence the existence of a deliberate or intentional injury by McClendon in an amount at least equivalent to the judgment.

## II.

In his action to determine the dischargeability of a debt, Springfield as the creditor was required to bear the burden of proof to establish by a preponderance of the evidence that his claim is nondischargeable.[1] "We review the decision of a district court, sitting as an appellate court, by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court."[2] We will not set aside findings of fact unless they are clearly erroneous.[3] "In examining for clear error, we review the record as a whole and not just the evidence supporting the finding."[4] "The bankruptcy court's findings of fact may be reversed only if the reviewing court has 'the definite and firm conviction that a mistake has been made.'"[5] "With respect to conclusions of law, the bankruptcy court's decisions are reviewed de novo."[6] "The interpretation of Section 523(a)(6) is a question of law and is reviewed de novo."[7]

---

[1] *See Grogan v. Garner*, 498 U.S. 279, 286–87 (1991).

[2] *In re TransTexas Gas Corp.*, 597 F.3d 298, 304 (5th Cir. 2010) (quoting *In re Jay*, 432 F.3d 323, 325 (5th Cir. 2005)).

[3] *Id.* (citing *In re Martin*, 963 F.2d 809, 813–14 (5th Cir. 1992)).

[4] *Id.* (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985)).

[5] *In re Williams*, 337 F.3d 504, 508 (5th Cir. 2003) (citing *Cotten v. Deasy*, 2002 WL 31114061, at *2 (N.D.Tex.2002)).

[6] *TransTexas Gas Corp.*, 597 F.3d at 304 (citing *Pullman-Standard v. Swint,* 456 U.S. 273, 287 (1982)).

[7] *Williams*, 337 F.3d at 508 (citing *Hickman v. Texas* (*In re Hickman*), 260 F.3d 400, 401 (5th Cir.2001)).

No. 13-41030

III.

McClendon first appeals on the ground that he could not have inflicted the "willful and malicious" injury on Springfield required by section 523(a)(6) of the Bankruptcy Code[8] because he believed the statements to be true. He argues in a similar vein that the bankruptcy court's finding of a willful and malicious injury was in error because injury inflicted through an honest mistake, as he alleges his was, cannot be willful and malicious. Section 523(a)(6) of the Bankruptcy Code provides that a debt "for willful and malicious injury by the debtor to another" is not dischargeable. The Supreme Court determined in *Kawaauhau v. Geiger*[9] that this provision does not cover a debt arising from negligent or reckless conduct; in other words, section 523(a)(6) does not cover mere acts, done intentionally, that cause injury, but rather only acts done with the actual intent to cause injury. This Court applied *Kawaauhau* in *Matter of Miller*,[10] defining a "willful and malicious" injury as one "where there is either an objective substantial certainty of harm or a subjective motive to cause harm." *Miller* specified that an individual who acts under an "honest, but mistaken belief . . . cannot be said to have intentionally caused injury," because absent the fact about which there has been a mistake, legally cognizable injury would not meet the test of "substantial certainty."[11]

McClendon maintains that he made the statements under an honest but mistaken belief that they were true, but the bankruptcy court was of course free to—and did—disbelieve his testimony to this effect. Although the state court judgment was entered upon a jury verdict finding defamation, the jury's determination could be sustained either on intentionality or recklessness. It

---

[8] 11 U.S.C. § 523(a)(6).

[9] 523 U.S. 57, 59, 61 (1998).

[10] 156 F.3d 598, 606 (1998).

[11] *Id.*

4

No. 13-41030

did not necessarily determine the federal question of a willful and malicious injury necessary under § 523(a)(6).  The bankruptcy court therefore conducted an independent inquiry into the willful and malicious character of McClendon's defamatory statements, conducting a trial of its own into questions not determined by the state court jury.  McClendon argues that the judge's disbelief of his testimony is insufficient evidence for an affirmative conclusion that he knew the statements were false. McClendon points to the principle from the distinct context where there is a "total rejection" of a witness's testimony that "[a] trial judge may not use his disbelief of a witness as affirmative support for the proposition that the opposite of the witness's testimony is the truth."[12]  But here, the factual inquiry was binary, a question whether McClendon acted willfully and maliciously or not.  Against the backdrop of all testimony and the state court record, the bankruptcy court's disbelief of McClendon's statements that he did not know the statements were false leaves only the alternative that he did know—a conclusion the bankruptcy court was free to reach.  Additionally, McClendon testified to the bankruptcy court that he knew the alleged theft did not exceed one million dollars, and the jury determined he made statements to this effect.  We see no basis, in fact or in precedent, to overturn the bankruptcy court's conclusions here.

IV.

McClendon also contends that the Bankruptcy Court impermissibly shifted the burden of proof to him by applying a presumption of objective substantial certainty of harm for statements imputing criminal conduct, without considering the context of the statements.  We disagree.  The bankruptcy court reached two pertinent conclusions of law:

---

[12] *E.g.*, *Seymour v. Oceanic Navigating Co.*, 453 F.2d 1185, 1190–91 (5th Cir. 1972).

No. 13-41030

- [T]he pernicious nature of a false statement to a third party accusing another person of a crime creates an objective substantial certainty of harm to that person in the absence of some extenuating circumstance.
- Under the circumstances presented in this case, the false statements made by McClendon to the designated third parties regarding Springfield created an objective substantial certainty of harm to Springfield.

McClendon's claim that the bankruptcy court examined the statements in a vacuum without considering their context is belied by the record of the proceedings and by the court's own findings. McClendon testified to the circumstances in which he made the statements. The bankruptcy court's findings of fact acknowledge the importance of context and expressly found McClendon's false statements to create an objective substantial certainty of harm under the circumstances presented in this case.

McClendon alleges in addition that the bankruptcy court presumed willful and malicious injury from the face of the statements—thereby improperly shifting the burden of proof to McClendon to disprove the exemption. This claim, meritless in any event, is waived because McClendon did not argue this alleged error of law before the district court. Bankruptcy Rule 8006 provides that in an appeal to a district court, the appellant must file a statement of the issues to be presented.[13] It is "clear under the law of this circuit that an issue that is not designated in the statement of issues in the district court is waived on appeal when the district court rules on the merits," "even if the issue was argued before the district court."[14] McClendon's statement of issues in the district court asked only whether the bankruptcy

---

[13] Fed. R. Bankr. P. 8006.

[14] *In re McCombs*, 659 F.3d 503, 510 (5th Cir. 2011); *see also In re GGM, P.C.*, 165 F.3d 1026, 1032 (5th Cir. 1999) ("[E]ven if an issue is argued in the bankruptcy court and ruled on by that court, it is not preserved for appeal under Bankruptcy Rule 8006 unless the appellant includes the issue in its statement of issues on appeal. [Appellant] failed to do so, and we thus hold that he may not raise the . . . claim in this appeal.")

court erred by finding the debt nondischargeable pursuant to 11 U.S.C. § 523(a)(6), and his argument there was defended specifically on other grounds. This does not fairly encompass his argument here that the bankruptcy court's interpretation of § 523(a)(6) errs as a matter of law by impermissibly shifting the burden of proof to the debtor, a claim neither argued to nor decided by the district court.  Having failed to preserve this argument for appeal, McClendon has waived it.

## V.

For these reasons, we AFFIRM the judgment of the district court affirming the bankruptcy court's holding that the debt at issue here is nondischargeable under § 523(a)(6).