ACCEPTED
01-14-00813-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/12/2015 2:34:43 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00813-CV

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/12/2015 2:34:43 PM
CHRISTOPHER A. PRINE
Clerk

# In the
# First Court of Appeals
# Houston, Texas

_____

STEVEN STEPTOE AND PATRICIA CARBALLO,
Appellants,

v.

JPMORGAN CHASE BANK, N.A.,
Appellee.

_____

On Appeal from the 61st District Court of
Harris County, Texas, Cause No. 2013-32035
Hon. Al Bennett

_____

REPLY BRIEF OF APPELLANTS

_____

Robert Y. Petersen
Texas Bar No. 24083655
THE LANE LAW FIRM
6200 Savoy, Suite 1150
Houston, Texas 77036
[Tel.] (713) 595-8200
[Fax] (713) 595-8201
Robert.Petersen@lanelaw.com

ATTORNEYS FOR APPELLANTS STEVEN STEPTOE AND PATRICIA CARBALLO

1

## TABLE OF CONTENTS

Index of Authorities .................................................................................3

Argument In Reply.................................................................................4

Certificate of Compliance with Tex. R. App. P. 9......................................7

Certificate of Service ..............................................................................7

# INDEX OF AUTHORITIES

**CASES**

*Douglas v. FNCNB Tex. Nat. Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992) ...............4

*in re Albert Morris*, 2012 Bankr. LEXIS 3656, *4-5 (Bankr. S.D. Tex. Aug. 8, 2012) ..................................................................................5

*in re Erickson*, 566 Fed.Appx. 281, 283 (5th Cir. 2014) ............................................4

*Huston v. U.S. Bank National Association, et al.*, 2013 WL 6731988 *7 (S.D. Tex. 2013) .................................................................5

*Kaspar v. Keller*, 466 S.W.2d 326, 329 (Tex.App.—Waco 1971, writ ref'd n.r.e.) ..................................................................................5, 6

*Steve Thomas v. Ocwen Loan Servicing, LLC et al*, 2013 U.S. Dist. LEXIS 630, *13 (N.D. Tex. Jan 3, 2013) .................................................5

**STATUTES AND RULES**

Tex. Const. ART. XVI § 50(a)(6)(D) ....................................................................4, 5

Tex. R. Civ. P. 735 ..............................................................................................5

**SECONDARY SOURCES**

*Black's Law Dictionary (Abridged Eighth Edition)* ....................................................5

## ARGUMENT IN REPLY

Appellee's Response seeks to mischaracterize the law on this issue as clear and unambiguous in favor of Appellee, yet tellingly, Appellee fails to cite to a single case that is controlling or precedential in their favor.

Furthermore, Appellants strenuously object to Appellee's blatant misattributing of the authority behind their argument. Appellee claims Appellant's argument is contrary to relevant legal authority from the Fifth Circuit and that this exact argument was rejected by the Fifth Circuit; when in fact, the Fifth Circuit has *never* rendered an opinion considering this specific issue.

The Fifth Circuit case of *Douglas v. NCNB Texas Nat'l Bank* did not deal with a home equity loan, which is a crucial factor in Appellants argument.[1]

The Fifth Circuit case of *Erickson*, addressed whether a cause of action for judicial foreclosure had to be authorized by the loan documents—a position which the court rejected—which has no direct bearing on Appellants' argument.[2]

Appellants' argument is that because a home equity lien requires "a court order,"[3] the lender has only one remedy available to it: to seek a court order authorizing foreclosure. It is well settled law that home equity loans in Texas

---

[1] *Douglas v. FNCNB Tex. Nat. Bank*, 979 F.2d 1128 (5th Cir. 1992)
[2] *In re Erickson*, 566 Fed.Appx. 281, 283 (5th Cir. 2014)
[3] See Tex. Const. art XVI Section 50(a)(6)(D).

require a judicial foreclosure *i.e.* a court order.[4] A position Appellee never addresses.

Common sense dictates that a foreclosure requiring a judicial proceeding is a "judicial foreclosure" whether or not it is performed as part of a constable's sale or through a trustee sale.[5] Either way, it is occurring under the auspices of the Court's authority, hence it is a "judicial foreclosure."

To the extent a lender could elect either foreclosure through the power of sale, or foreclosure through a sheriff's or constable's sale, the application of the compulsory counterclaim rule has deprived the lender of <u>nothing</u>. *See* TEX. R. CIV. P. 735.[6] In other words, **the entire justification for invoking the *Kaspar* rule no longer applies** (*i.e.* preventing the borrower from forcing the lender's election of remedies). Here, the lender has no extra-judicial option.[7] Both options are judicial

---

[4] Pursuant to the Texas Constitution, a home equity lien may only be foreclosed judicially. *See* TEX. CONST. ART XVI § 50(a)(6)(D)("is secured by a lien that may be foreclosed upon only by a court order"); *see also Steve Thomas v. Ocwen Loan Servicing, LLC et al*, 2013 U.S. Dist. LEXIS 630, *13 (N.D. Tex. Jan 3, 2013)("It is well settled law that home equity loans in Texas must be foreclosed judicially."); *in re Albert Morris*, 2012 Bankr. LEXIS 3656, *4-5 (Bankr. S.D. Tex. Aug. 8, 2012)

[5] *See* Black's Law Dictionary "Judicial Foreclosure".

[6] In other words, assuming *arguendo* the elements of a compulsory counterclaim are met, the lender remains free to choose either: an order authorizing foreclosure via trustee through the power of sale granted by the Security Instrument or to seek an order granting a sheriff's or constable's sale of the property.

[7] "We adopt the logic of the trial court that the mortgagor should not be permitted to destroy or impair the mortgagee's contractual right to foreclosure under the power of sale by the simple expedient of instituting a suit, whether groundless or meritorious, thereby compelling the mortgagee to abandon the **extra-judicial foreclosure** which he had the right to elect, nullifying his election, and permitting the mortgagor to control the option as to remedies." *Kaspar v. Keller*, 466 S.W.2d 326, 329 (Tex.App.—Waco 1971, writ ref'd n.r.e.)

5

and require judicial approval. Furthermore, both options remain available regardless of the borrower's action. Therefore, the justification for the *Kaspar* rule is no longer present.

All the lender has to do is simply file a counterclaim with the court for foreclosure seeking either a constable's sale of trustee's sale (an action they would have to take regardless of the borrower's actions). Instead, Appellee is seeking this Court's blessing to multiply litigation for the benefit of the attorneys and servicers handling the mortgage loans.

Ironically, the application of the *Kaspar* rule to home equity loans would result in the lien with the most constitutional protections being the only lien on a homestead that cannot be challenged for violating the Texas Constitution.

Respectfully submitted,

/s/ *Robert Y. Petersen*
Robert "Chip" Lane
State Bar No. 24046263
Robert Y. Petersen
State Bar No. 24083655
THE LANE LAW FIRM
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
[Tel.] (713) 595-8200
[Fax] (713) 595-8201
Lane@lanelaw.com
Robert.Petersen@lanelaw.com
ATTORNEYS FOR
STEVEN STEPTOE AND PATRICIA
CARBALLO

**CERTIFICATE OF COMPLIANCE**

As required by Rule 9 of the Texas Rules of Appellate Procedure, I certify that this brief does not exceed 15,000 words and that the aggregate of all briefs filed by Appellants does not exceed 27,000 words.

/s/ *Robert Y. Petersen*
Robert Y. Petersen

**CERTIFICATE OF SERVICE**

Pursuant to Rule 6.3 and 9.5(b), (d), and (e), of the Texas Rules of Appellate Procedure, I certify that I have served this document on all other parties which are listed below on January 12, 2015, as follows:

Crystal G. Roach
Barrett Daffin Frappier Turner & Engle, LLP
15000 Surveyor Blvd.
Addison, Texas 75001
972.386.5040
972.341.0734 (fax)

/s/ *Robert Y. Petersen*
Robert Y. Petersen