# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2015

Lyle W. Cayce
Clerk

No. 15-50105
Summary Calendar

In the Matter of:  NEUROLOGY AND NEUROPHYSIOLOGY ASSOCIATES, P.A.,

      Debtor.

-----------------------------------------------------------------------------------

NEUROLOGY AND NEUROPHYSIOLOGY ASSOCIATES, P.A.,

      Appellant,

v.

PETER A. TARBOX, MD,

      Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-903

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

      Debtor–Appellant Neurology and Neurophysiology Associates, P.A. ("NNPA") appeals a district court judgment affirming the dismissal of its

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition for relief under Chapter 7 of the U.S. Bankruptcy Code. NNPA also appeals the bankruptcy court's denial of its motion to extend the automatic stay pending appeal. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 24, 2009, the Texas Secretary of State forfeited NNPA's corporate charter.[1] Under Texas law, NNPA remained a legal entity for three years after its termination in order to carry out specific, limited purposes, such as defending against legal claims and liquidating assets. *See* Tex. Bus. Orgs. Code § 11.356(a). In December 2010, Creditor–Appellee Peter Tarbox, MD filed suit against NNPA in state court, alleging multiple causes of action, including shareholder oppression and breach of contract.[2] On June 19, 2014, nearly five years after the forfeiture of its charter, NNPA sought protection under the Bankruptcy Code by filing a Chapter 7 petition for relief.[3] In response, Tarbox filed a motion to dismiss the bankruptcy proceeding, arguing that NNPA, as a terminated entity, does not qualify as a "person" under 11 U.S.C. § 109(b) and § 101(41) and therefore has no standing to proceed with its petition.[4] The bankruptcy court granted the motion, concluding that NNPA "is not a 'person' under the Bankruptcy Code and, as such, the [bankruptcy court] has no jurisdiction to grant relief."[5]

### A.    Motion to Dismiss

NNPA filed a notice of appeal to the district court on August 21, 2014, appealing the bankruptcy court's dismissal of its petition for relief.[6] NNPA

---

[1] ROA.143.

[2] Red. Br. 2; ROA.102, 111–18. At the time briefs were filed in this appeal, the pending state court case was set for trial on August 10, 2015. Blue Br. 11.

[3] ROA.23.

[4] ROA.62–64.

[5] ROA.10.

[6] ROA.6–8.

later filed its record on appeal, and on October 21, 2014, the district court clerk sent a "Notice of Docketing Record on Appeal" to the parties.[7]

As the district court noted in its dismissal order, under Federal Rule of Bankruptcy Procedure 8009(a)(1),[8] NNPA's brief was due on November 4, 2014.[9] Based on NNPA's failure to file its brief, on December 4, 2014, Tarbox filed a motion to dismiss the appeal.[10] On December 8, 2014, over a month after NNPA's brief was due, it simultaneously filed 1) a motion to extend the deadline to file its brief and 2) the brief itself.[11] In its motion, NNPA maintained that its counsel never received the Notice of Docketing Record and that the e-mail address on file for lead counsel was outdated and had not been used in two years.[12]

The district court denied NNPA's motion to extend time to file its brief and granted Tarbox's motion to dismiss, "find[ing] that Appellant's neglect was not excusable."[13] NNPA now appeals the district court's dismissal.[14]

## B.    Motion to Extend the Automatic Stay Pending Appeal

After filing a notice of appeal to the district court, NNPA filed a motion to extend the automatic stay pending appeal.[15] The bankruptcy court denied the motion.[16] While NNPA challenged the bankruptcy court's ruling in its

---

[7] ROA.168–69.

[8] On December 1, 2014, while the district court appeal was pending, the 2014 amendments to the Federal Rules of Bankruptcy Procedure took effect. As NNPA's deadline to file its brief was set prior to this date, the citations in this opinion reference the Rules as they appeared before the 2014 amendments and as cited by the district court in its order dismissing NNPA's appeal.

[9] ROA.220.

[10] ROA.170–75.

[11] ROA.176–79, 181–94.

[12] ROA.176.

[13] ROA.221–22.

[14] Blue Br. 6–7.

[15] ROA.176–79.

[16] ROA.237.

No. 15-50105

untimely filed district court brief,[17] it failed to comply with the requirements of Federal Rule of Bankruptcy Procedure 8006 to properly challenge the ruling on appeal to the district court.[18] As the appeal was dismissed for failure to timely file, the district court never addressed this issue.[19] In its brief to this Court, NNPA again challenges the bankruptcy court's denial of the motion to extend the automatic stay, arguing that the bankruptcy court abused its discretion in denying the motion.[20]

## II. DISCUSSION

The bankruptcy court had jurisdiction over NNPA's petition for relief under 28 U.S.C. § 1334 and § 157. The district court had jurisdiction to hear the appeal under 28 U.S.C. § 158(a). This Court has jurisdiction to review the district court's dismissal as a final judgment under 28 U.S.C. § 1291.

We review district court decisions to extend filing deadlines for abuse of discretion. *See, e.g.*, *Salts v. Epps*, 676 F.3d 468, 474 & n.13 (5th Cir. 2012). "[D]eference . . . is the hallmark of abuse-of-discretion review." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 137 (5th Cir. 1997)). An abuse of discretion occurs if a district court "(1) relies on clearly erroneous factual findings; (2) relies on erroneous

---

[17] ROA.190–92.

[18] In order to appeal an issue to the district court, under Federal Rule of Bankruptcy Procedure 8006, the appellant must file 1) a designation of items to be included in the record on appeal and 2) a statement of issues to be addressed on appeal. A review of the bankruptcy and district court records reveals that NNPA never filed a statement of issues and the designation of the record on appeal does not include any filings relevant to the motion to extend the automatic stay. "It is 'clear under the law of this circuit that an issue that is not designated in the statement of issues in the district court is waived on appeal when the district court rules on the merits,' 'even if the issue was argued before the district court.'" *In re McClendon*, 765 F.3d 501, 506 (5th Cir. 2014) (quoting *In re McCombs*, 659 F.3d 503, 510 (5th Cir. 2011)).

[19] ROA.219–22, 227–29.

[20] Blue Br. 11–12.

4

conclusions of law; or (3) misapplies the law to the facts." *Id.* (quoting *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003)).

Under Federal Rule of Civil Procedure 6(b), district courts have "broad discretion" to extend filing deadlines. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995). A district court may extend the time to file a motion for "good cause" "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining whether a party's neglect was "excusable," a district court considers the following factors: "(1) 'the possibility of prejudice to the other parties,' (2) 'the length of the applicant's delay and its impact on the proceeding,' (3) 'the reason for the delay and whether it was within the control of the movant,' and (4) 'whether the movant has acted in good faith.'" *Salts*, 676 F.3d at 474 (quoting Charles Alan Wright et al., Federal Practice & Procedure § 1165). Federal Rule of Bankruptcy Procedure 8001(a) states that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground[s] only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal."

The district court's order dismissing NNPA's bankruptcy appeal reasonably considers each of the *Salts v. Epps* factors. The district court's careful consideration of each factor places its decision squarely within the court's discretion. In the order granting Tarbox's motion to dismiss, the district court found: 1) "the delay of over one month has prejudiced Appellee" in its state court suit against NNPA; 2) the "thirty-four day delay" "is substantial, and could have been easily avoided through basic diligence"; 3) "Appellant's failure to exercise diligence in filing and pursuing its appeal was the sole reason for the delay"; and 4) "Appellant has not shown good cause to excuse

the late filing."[21] Considering these factors, the district court's dismissal of the appeal and denial of the motion to extend the time to file was reasonable in light of the relevant circumstances. Therefore, considering the governing deferential standard, the district court's dismissal of NNPA's bankruptcy appeal does not amount to an abuse of discretion.

NNPA also appeals the bankruptcy court's denial of its motion to extend the automatic stay pending appeal. Although raised in NNPA's untimely filed brief, the district court's dismissal of the entire bankruptcy appeal rendered this issue moot. Therefore, in light of our affirmance of the district court's motion to dismiss, this Court also need not address the motion to extend the automatic stay.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court dismissing NNPA's bankruptcy appeal.

---

[21] ROA.221–22.